# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | C/A No. 6:12-1282-JMC-KFM |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Janis Browning, *Doctor at the Cherokee County Mental* | ) | |
| *Health Center with all agents in active concert*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

## *Background of this Case*

Plaintiff is under an order of pre-filing review.  *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977).  The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, Civil Action No. 6:98-1169-13AK.  Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to Plaintiff's pleadings for docket control purposes.

Plaintiff was confined in the South Carolina Department of Corrections until May of 2003,  when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County.  In the past, Plaintiff has been committed to the South Carolina Department of Mental Health for mental health treatment.  *See, e.g.*, pleadings in *Quintin Littlejohn v. State of South Carolina, et al.*, Civil Action No. 6:07-3560-RBH-WMC; and pleadings in  *Quintin Littlejohn v. Patrick B. Harris*

*Hospital, et al.*, Civil Action No. 6:10-2904-JMC-KFM. The plaintiff currently resides in Gaffney, South Carolina.

In the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff states that he has filed the above-captioned case to challenge a Probate Court order directing that he be forcibly medicated. Plaintiff objects to the order issued by the Probate Court for Anderson County because Plaintiff resides in Cherokee County. Plaintiff has not provided a copy of the order in question. In his prayer for relief, Plaintiff seeks a declaratory judgment, compensatory damages of two million dollars, punitive damages of four million dollars, and an *in camera* hearing "of all said evidence held" against him.

### Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to 28 U.S.C. § 1915. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Complaint indicates that Plaintiff was directed to undergo mental health treatment pursuant to an order of the Probate Court for Anderson County. Since Plaintiff's treatment was conducted pursuant to an order from a Probate Court, such a decision is not reviewable by a United States District Court because a probate court commitment *is a civil proceeding*. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts in civil cases. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. The *Rooker-Feldman* doctrine applies even if the state court litigation has not reached a State's highest court. This principle was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 290–94 (2005) (*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 716–21 (4th Cir. 2006).

Moreover, there is no indication that Plaintiff has utilized his state court remedies seeking to challenge an order relating to mental health treatment issued by a Probate Court. *See Mims v. Alston*, 312 S.C. 311, 440 S.E.2d 357, 358–59 (1994) (outlining procedure for *timely* appeal of involuntary commitment or treatment order issued by a Probate Court).

Plaintiff objects to the order issued by the Probate Court for Anderson County because Plaintiff resides in Cherokee County. As earlier stated, Plaintiff has not provided a copy of the order. It can be judicially noticed, however, that Plaintiff has a "nexus" to Anderson County because the pleadings in *Quintin Littlejohn v. Patrick B. Harris Hospital, et al.*, Civil Action No. 6:10-2904-JMC-KFM[1], revealed that Plaintiff, in 2010, was confined at the Patrick B. Harris Psychiatric Hospital (of the South Carolina Department of Mental Health), which is located in Anderson County, pursuant to an order of the Honorable Joshua L. Queen, Probate Judge for Cherokee County.

A search of on-line records of the Cherokee County Clerk of Court Office (http://publicindex.sccourts.org/cherokee/publicindex/, last visited on May 17, 2012) and on-line records of the Anderson County Clerk of Court Office (http://www.andersoncountysc.org/web/scjdweb/publicindex/PISearch.aspx, last visited on May 17, 2012) reveals no pending criminal cases involving Plaintiff in Cherokee County or

---

[1]This Court may take judicial notice of *Quintin Littlejohn v. Patrick B. Harris Hospital, et al.*, Civil Action No. 6:10-2904-JMC-KFM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

4

Anderson County. One of Plaintiff's two most recent criminal cases was a conviction for second-degree harassment (M133015) entered in the Magistrate Court for Cherokee County on April 19, 2011, wherein Plaintiff was sentenced to 30 days in jail. A separate charge of second-degree assault and battery (M133178) was "Dismissed Not Indicted" by the Magistrate Court for Cherokee County on June 27, 2011. As a result, it is not necessary for this Court to review cases such as *Sell v. United States*, 539 U.S. 166, 181–82 (2003) (standards for involuntary medication where government is seeking forced medication to render defendant competent to stand trial), because Plaintiff is not currently being medicated in order to render him competent to stand trial.[2]

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

May 22, 2012                                  s/ Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

---

[2]This Court may take judicial notice of the Public Indexes for the Clerk of Court for Cherokee County and the Clerk of Court for Anderson County. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 & n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011) (citing *In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631–33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating)).

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).